UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY EARL HISSONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO.   1:11-cv-345-LJO-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>(ECF No. 1)<br><br>CLERK SHALL CLOSE THE CASE |

　　　　Plaintiff Timothy Earl Hissong ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 28, 2011, Plaintiff filed a 42 U.S.C. § 1983 Complaint stating the following: "No arrest warrant, no DNA, no forensics at all, no evidence at all.  From the beginning of the case to the end."  (ECF No. 1.)  As relief, Plaintiff seeks release from prison.  (Id.)

**I.    SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.   ANALYSIS

Plaintiff's Complaint alleges that he was convicted without any evidence and seeks release from prison. (ECF No. 1.) When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Because Plaintiff challenges his confinement and seeks release from custody,

Plaintiff must pursue a habeas action rather than this Section 1983 action.[1] Although the Court is typically required to allow a plaintiff the opportunity to amend his pleading to address the deficiencies noted by the Court during screening, the Court finds that amendment would be futile in this case.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief could be granted.  The Clerk shall close the case.

IT IS SO ORDERED.

**Dated:   March 7, 2011**                            **/s/ Lawrence J. O'Neill**
                                                                      UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff filed a Petition for Writ of Habeas Corpus on the same day he initiated this action.  See Hissong v. State of California, Case No. 1:11-cv-344-SMS (E.D.Cal.).